CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
APR 29 2005
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| EARNEST, DALTON, Petitioner, | Civil Action No. 7:04cv00643 |
| v. | **MEMORANDUM OPINION** |
| GENE JOHNSON, Respondent. | By: Jackson L. Kiser<br>Senior U.S. District Judge |

Petitioner Earnest Dalton, a Virginia inmate proceeding pro se, has filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Dalton is challenging his February 4, 2002 convictions, in the Circuit Court of Carroll County, for one count of grand larceny, two counts of breaking and entering, and two counts of petit larceny. Dalton was sentenced on March 28, 2002 to serve a total of ten years for the grand larceny and breaking and entering convictions and to two terms of 12 months, to run concurrently, on the petit larceny convictions. He is currently confined at the Buckingham Correctional Center. As grounds for relief, Dalton claims counsel rendered ineffective assistance at trial and on appeal, trial court errors, and prosecutorial misconduct.

The respondent has filed a motion to dismiss Dalton's petition, contending that it is untimely. The court notified Dalton of the respondent's response and motion to dismiss, as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and warned him that judgment might be granted for the respondent if he did not respond to the motion. By order entered December 21, 2004, the court granted petitioner an additional thirty days to respond to respondent's motion to dismiss. Inasmuch as more than thirty days have passed and Dalton has not responded to the respondent's motion to dismiss, that motion and the underlying petition are now ripe for consideration.

Under 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ["AEDPA"] on April 24, 1996, a federal petition for writ of habeas corpus must be brought

within one year from the latest of the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1)(A - D). Section § 2244(d)(2) provides that periods of time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under § 2244(d)(1). A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutcherson, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed by a federal district court. 28 U.S.C. § 2244(d)(1)(A)-(D).

According to the pleadings, and confirmed by the records before the court, final judgment in Dalton's case was entered in the Circuit Court of Carroll County on March 28, 2002. Dalton appealed his conviction to the Court of Appeals of Virginia; it was denied on November 19, 2002. Petitioner made no further appeal of his conviction. As such, his conviction became final on December 19, 2002. See Va. R. S. Ct. Rule 5A:6(a). Petitioner thus had one year from that date, until December 19, 2003, in which to file a timely habeas petition pursuant to 28 U.S.C. § 2254.

Court records reflect that Dalton filed a petition for habeas corpus in the Circuit Court of

2

Botetourt County which was dismissed on July 28, 2003. On September 29, 2003 petitioner filed a petition for habeas corpus in the Circuit Court of Carroll County; it was dismissed on November 24, 2003. Petitioner subsequently filed a petition for habeas corpus in the Virginia Supreme Court on February 6, 2004; it was denied on October 1, 2004. Dalton then filed the instant petition on October 21, 2004.

Although Dalton has failed to make a specific argument as to tolling, the court assumes that Dalton alleges that the statute of limitations was tolled when he filed his first habeas petition in the Circuit Court of Botetourt County. "[A]n application for state habeas relief is properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 121 S.Ct. 361, 364 (2000). Virginia Code specifies that all habeas petitions which attack a criminal conviction or sentence must be filed within two years of the date of final judgment in the trial court which entered the original judgment order of conviction. Va. Code §8.01-654(A)(2) & (B)(1). Therefore to be properly filed and thus toll the statute of limitations, Dalton's first petition need have been presented in the Circuit Court of Carroll County. As Dalton does not contest that his first petition was filed in the Circuit Court of Botetourt County, that petition clearly did not toll the statute of limitations.

Accordingly, the one year period of limitations was not tolled until September 29, 2003 when Dalton filed his habeas petition in the Circuit Court of Carroll County. That court dismissed his petition on November 23, 2003. Thus, Dalton was afforded an additional 57 days in which to file his federal habeas petition. As such, he then had until February 14, 2004 to file his federal petition. On February 6, 2004 petitioner filed a habeas petition in the Virginia Supreme Court, once again the year period was tolled while that petition was pending. That court denied his petition on October 1, 2004.

3

Accordingly, petitioner then had until October 9, 2004 to file a habeas petition in the federal court. Dalton did not file the instant petition until October 21, 2004.[1]

Dalton did not respond to the respondent's motion to dismiss and does not dispute the respondent's assertion that his petition is untimely. Absent any other evidence to the contrary, he has made no showing that the statute of limitations has been triggered anew by any event contemplated in § 2244(d)(1)(B)-(D) or that equitable tolling principles should be applied. Inasmuch as he did not file the instant petition until October 21, 2004, it is clearly outside the statute of limitations imposed by § 2244(d)(1)(A) and I shall deny relief on that basis.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

---

[1] Petitioner did not mail his petition through the inmate mail system, rather his petition was mailed to this court by a private party. As such, petitioner is not afforded the benefit of the court assuming the petition was filed on the date it was signed, rather this petition is considered to have been filed on the date it was received, October 21, 2004. Houston v. Lack, 487 U.S. 266, 271 (1988). However, even if the petition had been filed on October 14, 2004, the date petitioner signed the petition, it would still have been untimely.

4

The Clerk of the Court is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondents.

ENTER: This 29th day of April, 2005.

/s/ Jackson L. Kiser
Senior U.S. District Judge

5